IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRUD ROSSMANN, Esquire, | ) | |
| | ) | |
| Plaintiff, | ) | 4:14CV3019 |
| | ) | |
| v. | ) | |
| | ) | |
| SUSAN BELL, JOHN DOE-1, JOHN DOE-2, JOHN DOE-3, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his complaint in this matter on January 24, 2014 (Filing No. 1).  Plaintiff has been given leave to proceed in forma pauperis.  The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.  SUMMARY OF COMPLAINT

Plaintiff, a resident of New York, brings this action against Susan Bell ("Bell"), a resident of Nebraska.  He also brings this action against persons he refers to collectively as John Doe-1, John Doe-2, and John Doe-3 (Filing No. 1 at CM/ECF p. 1).

Plaintiff's 48-page complaint, filed along with 187 pages of attachments, is incredibly difficult to decipher.  As best as the Court can tell, plaintiff's claims arise from the foreclosure of real property located in Fairfax County, Virginia.

(*See generally* Filing No. 1 at CM/ECF pp. 1-48.)  Plaintiff generally alleges that his "potentially Best in World IQ score" caused him to be a target for the conversion of this property. (*Id.* at CM/ECF pp. 10-11.)  Plaintiff alleges that Bell admitted she was "partly responsible for the illegal targeting of Plaintiff and for his false imprisonment in Fairfax County, Virginia in 2004."  (*Id.* at CM/ECF p. 9.)  Plaintiff further alleges that, in order to effect this targeting, Bell enlisted the help of the National Security Council and the Central Intelligence Agency.  (*Id.* at CM/ECF pp. 9-10.)  Plaintiff seeks $10,000,000.00 in money damages and other unspecified injunctive and declaratory relief.  (*Id.* at CM/ECF p. 48.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed"

-2-

for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III.  DISCUSSION OF CLAIMS

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple,

concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). Here, plaintiff's complaint fails to meet this minimal pleading standard. In addition, the facts alleged appear to be factually frivolous. *See* Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (stating a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional).

On the Court's own motion, plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against the defendants. *Plaintiff should be mindful to clearly explain what defendants did to him, when defendants did it, how Defendants' actions harmed him, and what specific legal rights plaintiff believes defendants violated.* If plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims against defendants will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of plaintiff's claims pursuant to

28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.  Accordingly,

        IT IS ORDERED:

        1.  Plaintiff shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim upon which relief may be granted against defendants in accordance with this Memorandum and Order.  If plaintiff fails to file an amended complaint, his claims against defendants will be dismissed without further notice.

        2.  The clerk's office is directed to send to plaintiff a copy of the civil complaint form.

        3.  The clerk's office is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on June 23, 2014.

        4.  Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

        DATED this 22nd day of May, 2014.

        BY THE COURT:

        /s/ Lyle E. Strom
        _____
        LYLE E. STROM, Senior Judge
        United States District Court

---

    \* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.